[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STIPULATION RE CUSTODY AND PARENTAL CONTACT
A. The parties shall have joint custody of the minor children as defined by § 46b-56a(a) as amended of the Connecticut General Statutes. The parties shall discuss and confer as part of their joint custody arrangement on all decisions including, but not limited to those decisions related to health, education residence, and general welfare of the children with the parties being obligated to attempt to adopt a harmonious policy best suited for the best interests of the minor children.
B. The parties shall have parental contact with the minor children pursuant to the following schedule:
 1. The children shall reside with the Husband from Monday after school until Thursday's return to school every week, and with the Wife from Thursday after school until 10:00 a.m. on Saturday morning on alternate weeks, with the exception that for reasons based upon the children's activities and needs, reasonable request can be made within 24 hour advance notice, which request will be complied CT Page 2123-O with by the other parent, to allow the contact to end at 8:00 a.m. or 12:00 Noon, where appropriate. On the other alternate weeks the children shall reside with the Wife from Thursday after school until Monday morning's return to school, except as specifically stated in Number 2 below. Provided further, however, that to the extent that there is no school on a particular transition date, 8:30 a.m. shall be deemed to be the morning transition time, and 3:00 p.m. shall be deemed to be the afternoon transition time.
 2. The minor holidays (Martin Luther King's Day, President's Day, Good Friday, Memorial Day, Labor Day, and Columbus Day) would be alternated and attached to the weekend schedule.
 3. The Thanksgiving holiday would be shared and alternated with the children being with one parent from the close of school on Wednesday to Friday evening at 6:00 p.m. and the other parent from Friday at 6:00 p.m. until their return to school on Monday morning.
 4. The Christmas contact would be shared and alternated with the children being with one parent from the close of school until December 25th at 10:00 a.m., and with the other parent from December 25th at 10:00 a.m. until their return to school.
 5. Each parent would be entitled to effect three hours of contact with each child on their respective birthdays if the day does not fall on a day when the children would see each of their parents anyway due to the schedule.
 6. Each parent would be entitled to effect no more than ten (10) consecutive days of vacation with the children during the summer school vacation. Provided, however, that the Husband's ten (10) consecutive days shall be in July, and the Wife's consecutive days shall be in August. The parties shall give notice at least thirty (30) days in advance of the time in which they wish to take their ten (10) consecutive days in the appropriate CT Page 2123-P month.
 7. Each parent will be offered first option to provide for the care of the children when alternative care is required. In addition, the parents agree that, should they be unable to mutually agree on a non-emergency major health, education, or mental health issue, then after consulting all appropriate professionals involved with the child, each parent would be able to seek a second professional opinion at their own expense if they so desired, and that if there was still no parental agreement, they would seek the mediation services of the Family Services Unit.
 8. If Weston repeats kindergarten or is put into a transitional first grade, then the Wife shall have additional contact with him on Mondays and Fridays during the morning or afternoon, depending upon which time frame he is not in school.
C. Each of the parties shall keep the other reasonably informed of the whereabouts of the children while said children are with the Husband or with the Wife, and agree that if either has knowledge of any illness or accident or other circumstances seriously affecting the health or welfare of the children, the Husband or the Wife, as the case may be, will promptly notify the other. For the purposes of this paragraph, the word "illness" shall mean any sickness or ailment which requires the services of a physician. the [The] word "injury" shall mean any injury which requires the services of a physician. During any illness or accident, either party shall have the right of additional parental contact to see the sick child in addition to the other rights provided herein.
D. Each of the parties will furnish the other with copies of any reports from third persons or institutions concerning health, education, or welfare of the children.
E. The parties shall exert every reasonable effort to maintain free access and unhampered contact between said children and each of the parties and to foster a feeling of affection between said children and the parties hereto. Neither party shall do anything which may estrange said children from the other party or injure the opinion of said child as to his mother or father, or CT Page 2123-Q act in such a way as to hamper the free and natural development of said children's love and respect for the other party.
F. The parties shall have reasonable access to the children while they are with the other party, including free access by mail and free access by telephone during reasonable hours of the day and evening.
G. The parties shall continue counselling for the minor children with Mary Stier, Ph.D., or such other psychiatrist or psychologist mutually agreed upon by the parties; or failing an agreement, one selected by the Family Relations Office. The counseling shall continue until terminated by the doctor, the mutual agreement of the parties, or Order of the Court. All costs in connection therewith which are not fully reimbursed by any applicable health insurance shall be equally shared by the parties.
THE PLAINTIFF THE DEFENDANT
Hannah M. Soboleski John A. Soboleski, Jr.
THE PLAINTIFF THE DEFENDANT
Robert M. Opotzner Jean S. Ferlazzo CUTSUMPAS, COLLINS, HANNAFIN, ANDERSEN FERLAZZO GARAMELLA, JABER TUOZZOLO 72 North Street 148 Deer Hill Ave.; P.O. Box 440 Danbury, CT 06810 Danbury, CT 06810; Tel. 744-2150 Juris No. 13472 THE MINOR CHILDREN: FRANKLIN SOBOLESKI, MILES SOBOLESKI, AND WESTON SOBOLESKI
 By Sharon Wicks Dornfeld 42 Main Street Danbury, CT 06810